UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RAFAEL LOPEZ-MACIAS** <br> **REG. # 25919-014** | **DOCKET NO. 2:23-CV-01075** <br> **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Rafael Lopez-Macias on August 8, 2023. Doc. 1. The Government filed a response to the petition (doc. 13), which is now ripe for review. Lopez-Macias is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Lopez-Macias is a federal inmate at the Federal Correctional Institution (FCI) in Oakdale, Louisiana. His projected release date is February 14, 2027. *See* doc. 13, att. 1, p. 3; *see also* Inmate Locator (www.bop.gov). He is currently serving two concurrent sentences: 120 months for violation of 21 U.S.C. §§ 841(A)(1) and (B)(1)(A)(VIII), Possession with Intent to Distribute 500gm or More of Methamphetamine;1 and 24 months for violation of 8 U.S.C. §§ 1326(a) &

1326(b)(2), Illegal Reentry.  *See United States v. Lopez-Macias*, 3:18-CR-241 (D. Conn.); *United States v. Lopez-Macias*, 3:18-CR-191 (D. Conn.).  These sentences have been aggregated into a single term of confinement of 120 months. *See* doc. 13, att. 1, p. 2.

Petitioner filed the instant Petition for Writ of Habeas Corpus alleging that the Bureau of Prisons ("BOP") failed to award him credits to which he is entitled under the First Step Act ("FSA").  Specifically, Petitioner contends that he was denied application of time credit toward his early transfer to supervised release due to an immigration detainer.  He argues that BOP policy precluding application of FSA credits to the sentences of inmates who are subject to immigration detainers is unlawful.

The Respondent contends that Petitioner is ineligible to earn FSA time credits because he is serving a sentence for a disqualifying offense.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. First Step Act of 2018

The First Step Act ("FSA") authorizes the BOP to grant Federal Time Credits ("FTC" or "FSA Time Credits") to eligible inmates. See 18 U.S.C. § 3624(g). "An eligible inmate… may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020," and "may earn FSA Time Credit if he or she is successfully participating in [Evidence-based Recidivism Reduction ("EBRR")] programs or [Productive Activities ("Pas")] that the Bureau has recommended based on the inmate's individualized risk needs assessment on or after January 15, 2020." 28 C.F.R. § 523.42(b). Depending on the inmate's status, he may earn either ten or fifteen days for every thirty days of programming. See 28 C.F.R. § 523.42(c).

Assuming the inmate meets the eligibility criteria set forth in 18 U.S.C. § 3632(g)(1), and his sentence includes a term of supervised release, the BOP may apply those credits to transfer (in effect release) the inmate to supervised release up to twelve months early:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3); see also 28 C.F.R. § 523.44(d) (stating that BOP may apply FSA Time Credits toward early transfer to supervised release "no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred.").[1] However, FSA credits cannot be applied to the sentence until an inmate has earned credits "in an amount equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

---

[1] A maximum of 365 credits may be applied towards early transfer to supervised release assuming an inmate is eligible for application of FSA credits. See 28 C.F.R. § 523.44(d); Program Statement 5410.01 at 16 (for inmates meeting eligibility criteria, "up to 365 days of earned FTCs will be automatically applied to early release").

Congress has explicitly described circumstances in which inmates are disqualified from application and ineligible for receipt of FSA Time Credits. For example, 18 U.S.C. § 3632(d)(4)(D), provides: "A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: (lix) Section 276(a) of the Immigration and Nationalization Act (8 U.S.C. § 1326) relating to the reentry of a removed alien, but only if the alien is described in paragraph (1) or (2) of subsection (b) of that section." Furthermore, "a prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17))." 18 U.S.C. § 3632(d)(4)(E).

Prior to February 6, 2023, BOP policy prohibited application of earned credit towards the early supervised release of inmates who were subject to detainers. See Program Statement 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) at 14 (available at www.bop.gov). However, as of February 6, 2023, this agency policy was revised so that detainers no longer disqualify inmates from applying time credits toward transfer to early supervised release. Yet, inmates who are subject to a final order of removal remain ineligible to apply credits. *Id*; *see also* 18 U.S.C. § 3632(d)(4)(E) (prisoner with a "final order of removal" is ineligible to apply FSA Time Credits).

C. *Law and Application*

Petitioner has not earned any FSA Time Credits while in BOP custody. In 2019, Petitioner was deemed ineligible for receipt/application of these credits. *See* FSA Time Credit Assessment, doc. 13, att. 1, p. 6. Petitioner is currently serving a sentence for violation of 8 U.S.C. §§ 1326(a) & 1326(b)(2), which makes him statutorily ineligible to receive any FSA Time Credits. See 18

U.S.C. § 3632(d)(4)(D)(lix). Accordingly, because Lopez-Macias is serving a sentence for a disqualifying offense, he is ineligible to earn time credits under the FSA.

### III.
#### CONCLUSION

For the reasons stated above, Lopez-Macias's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Summary Judgment (doc. 10) be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 22nd day of May, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE